IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CT-3148-D

| | |
|---|---|
| JEFFERY DANCEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| WAKE COUNTY SHERIFF DEPARTMENT, ) | |
| ) | |
| Defendant. ) | |

On July 16, 2025, Jeffery Dancey ("Dancey" or "plaintiff"), proceeding pro se, filed suit against the Wake County Sheriff's Department for "the forgery of 100 billion dollars" and "machine experimentation" with his brain. Compl. [D.E. 1] at 4. Dancey seeks $6 million in damages. See id. The court grants Dancey's motion to proceed in forma pauperis [D.E. 2]. As explained below, the court dismisses the action.

When a litigant seeks leave to proceed in forma pauperis, the court shall dismiss the case if the court determines that the action is frivolous or malicious, or fails to state a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Legally frivolous claims are based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted).

The standard used to evaluate the sufficiency of a pleading is flexible, "and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not "undermine [the] requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

Section 1915 permits federal courts "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992) (quotation omitted); see Neitzke, 490 U.S. at 327. Examples of such claims include claims "describing fantastic or delusional scenarios" or claims which are otherwise manifestly "fanciful" or so wholly irrational as to lack any basis in fact. Denton, 504 U.S. at 32–33 (quotation omitted); see Neitzke, 490 U.S. at 325, 328; Adams, 40 F.3d at 74–75.

Dancey's allegations are delusional. See, e.g., Flores v. U.S. Att'y Gen., 442 F. App'x 383, 384–85 (10th Cir. 2011) (unpublished); Gaertner v. Sowell, No. 4:20-CV-1872, 2021 WL 1020768, at *2 (E.D. Mo. Mar. 17, 2021) (unpublished); Fowers v. Artley, No. 2:20-CV-947, 2020 WL 6445880, at *2 (E.D. Cal. Nov. 3, 2020) (unpublished), report and recommendation adopted, 2021 WL 148355 (E.D. Cal. Jan. 15, 2021) (unpublished); Sekiya v. Anderson, No. CIV 19-146, 2020 WL 4430407, at *6 (D.N.M. July 31, 2020) (unpublished); Greene v. Ballard, No. 2:17-CV-2897, 2020 WL 3055459, at *6 (S.D. W. Va. Feb. 25, 2020) (unpublished), report and recommendation adopted, 2020 WL 1482568 (S.D. W. Va. Mar. 27, 2020) (unpublished), appeal dismissed, 823 F. App'x 204 (4th Cir. 2020) (per curiam) (unpublished); McDuffy-Johnson v. Lane, No. CV 19-375, 2019 WL 1648870, at *2 (W.D. La. Apr. 9, 2019) (unpublished), report and

2

recommendation adopted, 2019 WL 1643656 (W.D. La. Apr. 16, 2019) (unpublished), appeal dismissed, No. 19-30479, 2019 WL 6711781 (5th Cir. July 3, 2019) (per curiam) (unpublished); Lynn v. Summers, No. 6:16-CV-1371, 2018 WL 3431996, at *7 (E.D. Tex. Apr. 30, 2018) (unpublished), report and recommendation adopted, 2018 WL 3426403 (E.D. Tex. July 14, 2018); Allen v. Bower, No. 13-CV-931, 2014 WL 1017605, at *5 (S.D. Ill. Mar. 17, 2014) (unpublished). Additionally, much of Dancey's complaint is illegible. See Compl. at 4. "A pleading that is illegible cannot provide the [d]efendant[s], or the [c]ourt, notice of the claims being presented." Williams v. Barnwell Cnty., C.A. No. 8:08-2625, 2008 WL 4791430, at *2 (D.S.C. Oct. 27, 2008) (unpublished); see Ruther v. State Ky. Officers, 556 F. App'x 91, 92 (3d Cir. 2014) (per curiam) (unpublished); Bowie v. Reed, No. 1:12-CV-154, 2013 WL 556965, at *1 (W.D.N.C. Feb. 13, 2013) (unpublished). Thus, the court dismisses the action.

In sum, the court GRANTS plaintiff's motion to proceed in forma pauperis [D.E. 2] and DISMISSES WITHOUT PREJUDICE the action pursuant to 28 U.S.C. § 1915(e)(2)(B). The clerk shall close the case.

SO ORDERED. This 18 day of September, 2025.

JAMES C. DEVER III
United States District Judge

3